# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FAITH KINTZEL and BRIAN KINTZEL, | : | No. 3:13cv163 |
| Plaintiffs | : | (Judge Munley) |
| v. | : | |
| STEPHEN KLEEMAN, Pennsylvania State Police Trooper, | : | |
| Defendant | : | |

## **MEMORANDUM**

Before the court for disposition is Defendant Pennsylvania State Trooper Stephen Kleeman's motion to dismiss plaintiffs' complaint of sexual assault and battery in its entirety pursuant to Federal Rule of Civil Procedure 12(b)(6). The motion has been fully briefed and is ripe for disposition.

**Background**

On April 7, 2010, Defendant Stephen Kleeman, a Pennsylvania Sate Trooper, (hereinafter "defendant") charged Plaintiff Faith Kintzel (hereinafter "plaintiff") with summary harassment. (Doc. 1, Compl. ¶ 1). A hearing was held on June 2, 2010 at which both plaintiff and defendant appeared. (Id. ¶ 9). They agreed to a deal where the charges would be dismissed if plaintiff complied with certain conditions for sixty (60) days. (Id.)

After the hearing, the defendant asked plaintiff if she wanted to have coffee with him sometime. (Id. ¶ 12). She indicated that she did not. (Id.) Defendant then asked plaintiff to accompany him to a cemetery where they could talk privately. (Id.) She agreed fearing that the deal she worked out on the dismissal of the criminal charge would fall through if she refused. (Id.) Plaintiff alleges that upon meeting at the cemetery, defendant had sexual contact/intercourse with her against her will. (Id. ¶¶ 13, 27). Plaintiff then filed the instant case, which asserts state law claims and civil rights claims pursuant to 42 U.S.C. § 1983.

The complaint asserts the following six counts: Count I-False Arrest; Count II-False Imprisonment; Count III-Excessive Use of Force; Count IV-Violation of Substantive Due Process Right to Bodily Integrity; Count V-Sexual Assault and Battery; and Count VI-Loss of Consortium on behalf of Plaintiff Stephen Kleeman. Defendant has filed a motion to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, bringing the case to its present posture.

**Jurisdiction**

Plaintiff sues under 42 U.S.C. § 1983 for a violation of her civil rights. Accordingly, we have jurisdiction under 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). We have supplemental jurisdiction over the plaintiff's state law claims pursuant to 28

U.S.C. § 1367.

**Legal Standard**

Defendant filed his motion pursuant to Federal Rule of Civil Procedure 12(b)(6). When deciding a Rule 12(b)(6) motion, all well-pleaded allegations of the complaint must be viewed as true and in the light most favorable to the non-movant to determine whether, "under any reasonable reading of the pleadings, the plaintiff may be entitled to relief." Colburn v. Upper Darby Twp., 838 F.2d 663, 665-66 (3d Cir. 1988) (internal quotation marks and citation omitted). The plaintiff must describe "'enough facts to raise a reasonable expectation that discovery will reveal evidence of' [each] necessary element" of the claims alleged in the complaint. Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)). The court does not have to accept legal conclusions or unwarranted factual inferences. See Curay-Cramer v. Ursuline Acad. of Wilmington, Del., Inc., 450 F.3d 130, 133 (3d Cir. 2006). The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). Such "facial plausibility" exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

**Discussion**

Defendant's motion to dismiss raises six issues. The first two issues involve immunity. Defendant claims that he is shielded by Eleventh Amendment immunity with regard to both the federal and state causes of action. He also argues that sovereign immunity protects him from plaintiff's state law claims. The remainder of the issues in defendant's motion address the substance plaintiff's claims. We will address these issues *in seriatim*.

**I. Eleventh Amendment Immunity**

As noted above, federal jurisdiction is premised on the fact that several of plaintiff's counts are civil rights claims brought pursuant to 42 U.S.C. § 1983. To establish a claim under section 1983, two criteria must be met. First, the conduct complained of must have been committed by a person acting under of color of state law. Second, the conduct must have deprived the complainant of rights secured under the Constitution or federal law. Sameric Corp. of Del., Inc. v. City of Phila., 142 F.3d 582, 590 (3d Cir. 1998). Section 1983 does not, by its own terms, create substantive rights. Rather, it provides only remedies for deprivations of rights established elsewhere in the Constitution or federal laws. United States v. Kneipp, 95 F.3d 1199, 1204 (3d Cir. 1996).

In the instant case, the alleged state actor is the defendant state trooper. Plaintiff alleges various causes of action based upon the Fourth

4

and Fourteenth Amendments to the United States Constitution.  Defendant argues that he cannot be held liable because he is protected by Eleventh Amendment immunity.   After a careful review, we agree in part.

The Eleventh Amendment to the United States Constitution bars damages claims against both state agencies that do not waive sovereign immunity and state agencies' employees sued in their official capacity.  Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989); see also Atkin v. Johnson, 432 F. App'x 47, 48 (3d Cir. 2011) (explaining that a Pennsylvania State Trooper sued in his official capacity is immune from suit under the Eleventh Amendment).

Specifically, the Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."  U.S. CONST. AMEND. XI.  Eleventh Amendment sovereign immunity protects unconsenting states and state agencies from suit brought in federal court by its own citizens also.  See P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 144 (1993); Capogrosso v. Supreme Court of N.J., 588 F.3d 180, 185 (3d Cir. 2009).  This protection extends to state agencies and departments, such as the Pennsylvania State Police. See Capogrosso, 588 F.3d at 185.

Eleventh Amendment immunity also applies to state officials, such as

the defendant, sued in their official capacities. The immunity applies in these situations because the state is the real party in interest, resulting in recovery from the state treasury. Melo v. Hafer, 912 F.2d 628, 635 (3d Cir. 1990). Accordingly, to the extent that the defendant is sued in his official capacity, he will be dismissed from this case. He will remain in the case to the extent that he is sued in his individual capacity for actions he is alleged to have taken under color of state law.

**II. Sovereign Immunity**

Plaintiff's complaint contains several state law causes of action. Specifically, Count V asserts a cause of action for sexual assault and battery, and Count VI asserts a cause of action for loss of consortium. Defendant argues that the doctrine of sovereign immunity bars these state law claims. After a careful review, we disagree.

The law provides that Commonwealth employees, such as state troopers, enjoy immunity from most state law claims.[1] Brautigam v. Fraley,

---

[1]Specifically the law provides:

>Pursuant to section 11 of Article 1 of the Constitution of Pennsylvania, it is hereby declared to be the intent of the General Assembly that the Commonwealth, and its officials and employees acting within the scope of their duties, shall continue to enjoy sovereign immunity and official immunity and remain immune from suit except as the General Assembly shall specifically waive the immunity. When the General Assembly specifically

6

684 F. Supp. 2d 589, 593 (M.D. Pa. 2010); La Frankie v. Miklich, 618 A.2d 1145, 1148 (Pa. Commw. Ct.1992).  Unlike Eleventh Amendment immunity, sovereign immunity "applies to Commonwealth employees in both their official and individual capacities." Larson v. State Emps.' Ret. Sys., 553 F. Supp. 2d 403, 420 (M.D. Pa. 2008) (citing Maute v. Frank, 657 A.2d 985, 986 (Pa. Super. Ct. 1995)).  Sovereign immunity shields Commonwealth employees from liability when their actions: (1) cannot fit into one of the nine statutory sovereign immunity exceptions; (2) are not negligent; and (3) occur within the scope of their employment.  La Frankie, 618 A.2d at 1149.

In the instant case, the determinative factor is the third, whether the defendant's alleged actions occurred within the scope of his employment.  The Third Circuit Court of Appeals has indicated that under Pennsylvania law, "conduct is within the scope of employment where:  (a) it is the kind [the employee] is employed to perform; (b) it occurs substantially within the authorized time and space limits [and] (c) it is actuated, at least in part, by purpose to serve the master . . . ." Brumfield v. Sanders, 232 F.3d 376,

---

        waives sovereign immunity, a claim against the
        Commonwealth and its officials and employees
        shall be brought only in such manner and in such
        courts and in such cases as directed by the
        provisions of Title 42 (relating to judiciary and
        judicial procedure) or 62 (relating to procurement)
        unless otherwise specifically authorized by statute.
1 PA. CONS. STAT. ANN. § 2310.

380 (3d Cir. 2000) (quoting RESTATEMENT (SECOND) OF AGENCY § 236 (1958)).

Here, it is without question that the sexual assault and battery that is the basis of plaintiff's complaint is not within the scope of defendant's employment as a state trooper. It is not the sort of conduct he is employed to perform, and it is not actuated in anyway to serve the Commonwealth. Thus, defendant is not shielded by the doctrine of sovereign immunity, and the sovereign immunity arguments raised in the motion to dismiss will be denied.

**III. Specific causes of action - Failure to state a claim**

As we have found that immunity does not completely shield defendant from liability, we turn our attention to plaintiff's specific causes of action. Plaintiff's claims include false arrest, false imprisonment, sexual assault and battery, excessive force, substantive due process and loss of consortium. We shall address each cause of action in turn.

**A. False Arrest**

Count I of plaintiff's complaint asserts a cause of action for false arrest. A false arrest claim can be stated under state tort law or federal civil rights law. The complaint, however, is not explicit as to whether it seeks to proceed under state tort law or federal civil rights law. We will thus examine the claim under both state and federal law.

Under Pennsylvania state tort law, a false arrest is "1) an arrest

8

made without probable cause or 2) an arrest made by a person without privilege to do so." McGriff v. Vidovich, 699 A.2d 797, 799 (Pa. Commw. Ct. 1997). "'Arrest' is defined in § 112 of the Restatement [(second) of Torts] as 'the taking of another into the custody of the actor for the actual or purported purpose of bringing the other before a court or of otherwise securing the administration of the law.'" Gagliardi v. Lynn, 285 A.2d 109, 111 n.3 (Pa. 1971). Likewise, under federal civil rights law, a false arrest is an arrest made without probable cause. Orsatti v. N.J. State Police, 71 F.3d 480, 482 (3d Cir. 1995). Such an arrest is a violation of the Constitution's Fourth Amendment. Id.

Defendant challenges the false arrest claim on the basis that the plaintiff was not arrested. We agree that plaintiff has not averred a false arrest. Defendant is not alleged to have "arrested" plaintiff. The Pennsylvania Supreme Court has explained that: "[O]ne who confines another, while purporting to act by authority of law which does not in fact exist, makes a false arrest and must respond in damages for whatever civil wrongs he commits. The actions to redress these wrongs is familiarly known as an action for false arrest[.]" Gagliardi v. Lynn, 285 A.2d 109, 111 (Pa. 1971). Here, plaintiff makes no allegation that defendant purported to act by authority of law. No suspicion of criminal conduct on behalf of the plaintiff is alleged. Defendant is not alleged to have attempted to take her into custody to bring her before a court. In short, this case is not a case of

9

police suspecting criminal behavior and arresting someone for it without probable cause. Plaintiff alleges that defendant coerced/lured her to a secluded place and sexually assaulted her. Defendant was not investigating a crime or suspected criminal activity. A claim for false arrest simply does not fit into the facts plaintiff has alleged. Accordingly, Count I for false arrest will be dismissed.

### B. False Imprisonment

Count II of plaintiff's complaint asserts a cause of action for False Imprisonment. Again, although false imprisonment claims can be brought under either federal civil rights law or state tort law, the complaint does not specify which theory it intends to proceed on. We will, therefore, examine both the state and federal law of false imprisonment to determine whether plaintiff has adequately pled either.

To establish the tort of false imprisonment under Pennsylvania state law, plaintiff must demonstrate the following: 1) defendant detained her; and 2) the detention was unlawful. Renk v. City of Pittsburgh, 641 A.2d 289, 293 (Pa. 1994). More specifically, liability for false imprisonment attaches where: (a) one acts intending to confine another within boundaries fixed by the actor, (b) his act results in such a confinement of the other, and (c) the other is conscious of the confinement or is harmed by it. Gagliardi, 285 A.2d at 111 n.2.

Defendant argues that he never established boundaries by which he

10

confined plaintiff. Additionally, defendant contends that at all times plaintiff had a safe means of escaping or leaving. Thus, according to the defendant, the false imprisonment claim should be dismissed. Plaintiff states that the complaint's allegations properly plead a false imprisonment claim. After a careful review, we agree with the plaintiff.

The complaint alleges that the defendant, who was in his Pennsylvania State Trooper uniform, including a badge and handgun, told plaintiff to follow him in her car to a remote area. (Compl. ¶ ¶ 12, 17). Defendant drove his Pennsylvania State Trooper vehicle and plaintiff followed him in her vehicle to a cemetery. (Compl. ¶ 13). When there, defendant made comments about plaintiff being clothed, which plaintiff understood to be an order to remove her clothing. (Compl. ¶¶ 15, 18-20). Plaintiff undressed but sat in her automobile with her legs closed. Defendant pushed her legs apart and plaintiff resisted. (Id. ¶¶ 21-22). He used his hands to open plaintiff's legs and ordered her to lay back. (Id. ¶ 24). After returning to his vehicle to remove his belt and gun, defendant again ordered plaintiff to lay down and forcibly opened plaintiff's legs again. He then had sexual intercourse with her against her will. (Id. ¶¶ 25-27). After the incident, defendant told plaintiff to remain at the cemetery for a period of time after he left. (Id. ¶ 30). Plaintiff alleges that she suffered from bruises on both thighs and in the area of both knees. (Id. ¶ 34).

Based upon these facts, which we must accept as true at this

procedural posture, it can be inferred that defendant confined plaintiff within boundaries he had defined. Specifically, he confined her to the automobile as he assaulted her. He also arguably confined her to the cemetery for a short time after he left because he ordered her to stay there.

Defendant argues that plaintiff always had a safe means of escape. This assertion, however, is an argument regarding the facts. According to the plaintiff, defendant confined her and sexually assaulted her. Defendant argues that plaintiff could have left at any time. It is too early in the proceedings to make factual determinations as to what actually occurred. We must accept as true that defendant confined plaintiff. Accordingly, plaintiff's state law false imprisonment claim will not be dismissed.

While the state tort of false imprisonment will remain in the case, any federal civil rights claim based upon false imprisonment will be dismissed. An arrest made without probable cause can give rise to a civil rights claim of false imprisonment under federal law. See James v. City of Wilkes-Barre, 700 F.3d 675, 682-83 (3d Cir. 2012). In the false imprisonment count, plaintiff asserts that: "Defendant arrested Plaintiff without probable cause. . . . As a consequence of the arrest Defendant brought [plaintiff] to a remote place and curtailed her freedom." (Doc. 1, Compl. ¶¶ 40-41). Plaintiff thus grounds this claim on the "false arrest." As noted above, the court will dismiss plaintiff's false arrest claim. Without the federal false

arrest claim, plaintiff cannot maintain her federal civil rights claim for false imprisonment. Thus, the federal false imprisonment claim will be dismissed.

### C. Sexual Assault and Battery

Count V of plaintiff's complaint asserts a cause of action for sexual assault and battery. Specifically, Count V alleges: "Defendant had unwanted, intentional, significant, sexually intimate physical contact with [plaintiff's] body without consent by use of force, intimidation and the implied threat if she did not cooperate with him she would not have her charges dismissed." (Compl. ¶ 52).

Defendant argues that this count should be dismissed because the complaint does not indicate that plaintiff ever verbally informed defendant that she did not wish to engage in sexual conduct. Moreover, defendant stopped having sexual intercourse and oral sex with the plaintiff when she physically indicated her unwillingness to continue by closing her legs. Finally, defendant showed remorse when he saw plaintiff crying according to the complaint. Thus, according to the defendant, the complaint's allegations establish that defendant did not intend to cause plaintiff any harmful or offensive contact.

We will deny defendant's motion to dismiss Count V. At this stage of the proceedings, we must accept as true all factual allegations in the complaint and provide to the plaintiff all reasonable inferences that can be

derived from those facts. Thus, with respect to the sexual assault and battery claim, we accept as true that defendant directed plaintiff to a secluded area where he engaged in unwanted sexual contact with the plaintiff although the plaintiff physically demonstrated that she did not seek such contact. The case is not at the proper procedural posture to argue the facts of the case. The motion to dismiss Count V of the complaint will be denied.

### D. Excessive Force

Count III of plaintiff's complaint asserts a federal section 1983 civil rights claim for use of excessive force. As explained above, section 1983 is the vehicle through which federal constitutional violations can be vindicated. An "excessive force" claim addresses either the Fourth Amendment's prohibition against unreasonable seizures of the person or the Eighth Amendment's ban on cruel and unusual punishment. Graham v. Connor, 490 U.S. 386, 394 (1989). In the instant case, plaintiff asserts an excessive force claim based upon an unreasonable seizure. "A 'seizure' triggering the Fourth Amendment's protections occurs only when the government actors have, 'by means of physical force or show of authority . . . in some way restrained the liberty of a citizen.'" Id. at 395 n.10 (quoting Terry v. Ohio, 392 U.S. 1, 19 n.16 (1989)).

Defendant argues that this claim fails because the plaintiff was never "seized." She drove to the cemetery in her own vehicle, and according to

the defendant, plaintiff could have driven away and avoided the situation. Additionally, she stayed inside her vehicle while at the cemetery, and at any point, she could have departed. We disagree with the defendant's arguments.

As we discussed in the section dealing with false arrest, plaintiff's complaint alleges facts that could support a finding that defendant confined and sexually assaulted plaintiff. Such confinement and sexual assault, according to the complaint, included physical force and a show of authority by a uniformed state trooper who was driving a state trooper vehicle. Thus, the allegations reasonably could support a finding that plaintiff was "seized." Id. (explaining that a seizure can be accomplished with either physical force or show of authority).

It is premature at the motion to dismiss stage for defendant to argue the facts and try to convince the court that no seizure occurred because plaintiff could have avoided the situation or escaped. These are factual issues, and we must accept the facts alleged in the complaint as true in ruling on a 12(b) motion to dismiss. Colburn, 838 F.2d at 665-66. Accordingly, we will deny the motion to dismiss Count III, Excessive Force.

### E. Substantive Due Process

Count IV of plaintiff's complaint sets forth a cause of action for violation of the substantive due process right to bodily integrity. Plaintiff alleges that defendant, while on the job, in uniform and carrying a loaded

15

gun ordered her to a secluded place, immediately after negotiating a plea bargain deal with her. Plaintiff alleges that once they were at the secluded spot, defendant sexually assaulted her. Plaintiff claims that these actions violated her liberty interest in bodily integrity. (Compl. ¶ ¶ 47-50).

The Fourteenth Amendment to the United States Constitution provides that a State may not "deprive any person of life, liberty, or property, without due process of law[.]" Both procedural and substantive due process rights exist. In the instant case, plaintiff avers a substantive due process violation of a liberty interest.

The substantive component of the Due Process Clause protects "those fundamental rights and liberties which are, objectively, 'deeply rooted in this Nation's history and tradition,' ... and 'implicit in the concept of ordered liberty,' such that 'neither liberty nor justice would exist if they were sacrificed.'" Washington v. Glucksberg, 521 U.S. 702, 720-21 (1997) (quoting Moore v. E. Cleveland, 431 U.S. 494, 503 (1977)); Snyder v. Massachusetts, 291 U.S. 97, 105 (1934); Palko v. Connecticut, 302 U.S. 319, 325, 326, (1937)). A plaintiff asserting a substantive due process right must provide "a 'careful description' of the asserted fundamental liberty interest." Id. at 721 (citing Reno v. Flores, 507 U.S. 292, 302 (1993); Collins v. City of Harker Heights, 503 U.S. 115, 125 (1992); Cruzan v. Director, Mo. Dept. of Health, 497 U.S. 261, 277-78 (1990)).

Plaintiff alleges that defendant violated her liberty interest in bodily

integrity. The defendant agrees that plaintiff does indeed have a liberty interest in preserving her bodily integrity and that a sexual assault violates that right. Defendant argues, however, that for the same reasons plaintiff cannot establish a sexual assault and battery, she cannot establish a substantive due process claim based upon a sexual assault. In the previous section, the court rejected defendant's argument with regard to the sexual assault and battery. Thus, for the same reasons, we will reject defendant's motion to dismiss the substantive due process claim based upon that sexual assault and battery.

### F. Loss of Consortium

Count VI of the complaint asserts a loss of consortium claim on behalf of plaintiff's husband. Defendant argues that a loss of consortium claim is only available to the spouse of an injured party if the injury occurred during the marriage. Here, plaintiff married her husband after the events alleged in the complaint occurred. (Doc. 1, Compl. ¶¶ 7, 9) indicating that the plaintiffs married on October 19, 2010 and the alleged assault occurred several months earlier on June 2, 2010). Therefore, the loss of consortium claim should be dismissed. After a careful review, we agree.

As this is a pendent state law claim, we must apply the law of Pennsylvania, which provides that "a cause of action for loss of consortium is not available to a party who was not married to the injured party *at the*

*time of the injury.*" Sprague v. Kaplan, 572 A.2d 789, 790 (Pa. Super. Ct. 1980) (emphasis in the original); Lake v. Arnold, 232 F.3d 360, 372-73 (3d Cir. 2000). It is undisputed that the plaintiffs were not married to each other at the time of injury. Thus, the loss of consortium claim will be dismissed.[2]

**Conclusion**

For the reasons set forth above, the defendant's motion to dismiss will be granted in part and denied in part. Defendant will be dismissed to the extent that he is sued in his official capacity. He shall remain in the case in his individual capacity on the following claims: state tort claim of false imprisonment, Count II; excessive force, Count III; substantive due process, Count IV; and sexual assault and battery, Count V. The false arrest claims, Count I and the loss of consortium claims, Count VI, will be dismissed. An appropriate order follows.

---

[2]Plaintiff acknowledges that the law of Pennsylvania so provides and that this court must apply Pennsylvania law to this claim. She asserts, however, that a good faith basis exists for a revision, overturning or amendment of the existing law. (Doc. 24, Pls.' Br. at 19). We are without authority, however, to alter or overturn Pennsylvania tort law.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

FAITH KINTZEL and : No. 3:13cv163
BRIAN KINTZEL, :
        Plaintiffs : (Judge Munley)
:
    v. :
:
STEPHEN KLEEMAN, :
PENNSYLVANIA STATE :
POLICE TROOPER, :
        Defendant :
::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## ORDER

**AND NOW**, to wit, this 19th day of August 2013, defendant's motion to dismiss (Doc. 17) is **GRANTED** in part and **DENIED** in part as follows:

    1) Defendant is dismissed from the case to the extent that he is sued in his official capacity. Defendant will remain in the case in his individual capacity.

    2) Count I alleging false arrest is **DISMISSED**;

    3) Count II alleging false imprisonment is **DISMISSED** to the extent that it asserts a federal civil rights claim and **NOT DISMISSED** to the extent that it asserts a state tort claim;

    4) The motion to dismiss Count III, Excessive Use of Force, is **DENIED**;

    5) The motion to dismiss Count IV, substantive due process, is **DENIED**;

19

6) The motion to dismiss Count V, sexual assault and battery is **DENIED**; and

7) The motion to dismiss Count VI, loss of consortium, is **GRANTED**.

                                      **BY THE COURT:**

                                      **s/ James M. Munley**

                                      **JUDGE JAMES M. MUNLEY**
                                      **United States District Court**