IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FAITH KINTZEL, | No. 3:13cv163 |
| Plaintiff | (Judge Munley) |
| v. | |
| STEPHEN KLEEMAN,<br>Pennsylvania State<br>Police Trooper, | |
| Defendant | |

## **MEMORANDUM**

Before the court for disposition are Defendant Stephen Kleeman's motions in limine filed in advance of the pretrial conference. The motions have been briefed and are ripe for disposition.

**Background**

On April 7, 2010, Defendant Stephen Kleeman, a Pennsylvania Sate Trooper, (hereinafter "defendant") charged Plaintiff Faith Kintzel (hereinafter "plaintiff") with summary harassment. (Doc. 1, Compl. ¶ 1). A hearing was held on June 2, 2010, at which both plaintiff and defendant appeared. (Id. ¶ 9). They agreed to a deal where the charges would be dismissed if plaintiff complied with certain conditions for sixty (60) days. (Id.)

After the hearing, the defendant asked plaintiff if she would have coffee with him sometime. (Id. ¶ 12). She indicated that she did not want

to.  (Id.)  Defendant then asked plaintiff to accompany him to a cemetery where they could talk privately.  (Id.)  She agreed to accompany the defendant and alleges that she did so out of fear that the deal she worked out on the dismissal of the criminal charge would fall through if she refused.  (Id.)  Plaintiff alleges that upon meeting at the cemetery, defendant had sexual contact/intercourse with her against her will.  (Id. ¶¶ 13, 27).  Plaintiff then filed the instant case, which asserts state law claims and civil rights claims pursuant to 42 U.S.C. § 1983.

The complaint originally asserted the following six counts: Count I-False Arrest; Count II-False Imprisonment; Count III-Excessive Use of Force; Count IV-Violation of Substantive Due Process Right to Bodily Integrity; Count V- Sexual Assault and Battery; and Count VI-Loss of Consortium on behalf of Stephen Kleeman.  Defendant filed a motion to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  In disposing of the motion to dismiss, we dismissed Counts I, Count II - to the extent that it asserted a federal civil rights claim, and Count VI.  We also dismissed the defendant in his official capacity.

The parties have engaged in discovery and neither party filed a motion for summary judgment.  Thus, the court scheduled a pretrial

conference. Prior to the pretrial conference, and in accordance with the court's rule, defendant filed nine motions in limine. The motions are now ripe for disposition.

**Jurisdiction**

Plaintiff sues under 42 U.S.C. § 1983 for a violation of her civil rights. Accordingly, we have jurisdiction under 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). We have supplemental jurisdiction over the plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

**Discussion**

We will discuss defendant's nine motions separately.

**1) Defendant's motion in limine to preclude irrelevant testimony of Trooper Kleeman's family and friends**

During discovery, plaintiff has identified the following witnesses: Bronwen Whalen, Emily Kleeman, Rochelle Rose, Jessica Smith, Regina Kleeman, defendant's father and Justine Kleeman. (Doc. 114, Def.'s Mot. in Limine ¶ 3). Defendant argues that these witnesses should be precluded from testifying at trial because they have no knowledge or evidence relevant to any material facts in this case.

The law provides that relevant evidence is admissible in a trial and irrelevant evidence is not admissible. FED. R. EVID. 402. "Relevant evidence" is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." FED. R. EVID. 401.

Here, plaintiff argues that the testimony of these witnesses is relevant to the extent that the defendant may have discussed the incident with them. Plaintiff, however, has presented no evidence that defendant in fact did discuss this incident with any of them. Thus, plaintiff has not established that these witnesses possess any relevant information. Accordingly, defendant's motion in limine will be granted with regard to these witnesses. The motion is granted without prejudice to the plaintiff presenting a proffer at the pretrial conference establishing that one or more of these witnesses possesses relevant, admissible evidence.

**2) Defendant's motion in limine to preclude introduction of, or reference to the district attorney's opinion that a sexual encounter occurred**

Next, defendant moves to preclude introduction of, or reference to the district attorney's opinion that a sexual encounter occurred. Plaintiff

does not oppose this motion. (Doc. 140, Pl.'s Brief at 18). Accordingly, it will be granted as unopposed;

**3) Defendant's motion in limine to preclude introduction of, or reference to, the document from the International Criminal Tribunal of Rwanda at the time of trial**

Defendant's third motion in limine seeks to preclude from evidence a document from the International Criminal Tribunal of Rwanda. Plaintiff does not oppose this motion. (Doc. 140, Pl.'s Brief at 18). The motion will thus be granted as unopposed.

**4) Defendant's motion in limine to preclude introduction of, or reference to, any discipline received by Trooper Kleeman**

In the instant case, the Pennsylvania State Police investigated plaintiff's allegations against defendant. The investigators ultimately concluded that defendant had not sexually assaulted the plaintiff. They did conclude, however, that defendant had not been forthcoming in the investigation. The Pennsylvania State Police, accordingly, disciplined defendant. Defendant now moves to preclude evidence of this discipline from the trial as irrelevant, unduly prejudicial and confusing to the jury.

Plaintiff's response to defendant's relevancy argument is that the records are not hearsay and are, therefore, admissible. The issue, is not, however, hearsay. The issues are relevancy, prejudice and confusion to

the jury. Plaintiff addressed none of these matters.

As noted above, relevant evidence is admissible in a trial and irrelevant evidence is not admissible. FED. R. EVID. 402. "Relevant evidence" is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." FED. R. EVID. 401. Relevant evidence may be precluded, however, where "its probative worth is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." FED. R. EVID. 403.

We will preclude this evidence. It will be for the jury to decide whether the sexual assault occurred and the conclusions of the internal investigation and any discipline he received is irrelevant and confusing to the jury.

**5) Defendant's motion in limine to preclude introduction of, or reference to, the document from Dartmouth College titled "Sexual Abuse Awareness"**

In pretrial discovery, plaintiff identified a document from Dartmouth College entitled "Sexual Abuse and Awareness" as evidence she intends to

introduce at trial. Defendant moves to preclude introduction of this document. Plaintiff does not contest the preclusion of this document. Therefore, defendant's motion in limine will be granted. (Doc. 140, Pl.'s Brief at 18).

**6) Defendant's motion in limine to preclude introduction of, or reference to, the sexual coercion awareness and prevention manual**

During discovery plaintiff identified the "Sexual Coercion Awareness and Prevention Manual" as evidence she intends to introduce at trial. Defendant moves to preclude this evidence as irrelevant. Plaintiff does not contest the preclusion of this document; therefore, defendant's motion in limine will be granted as unopposed.

**7) Defendant's motion in limine to preclude testimony of undisclosed witnesses**

Plaintiff provided her eighth set of disclosures to the defendant on June 23, 2015. This "disclosure" revels the following witnesses: Eric E. Krause, Clinton W. DelValle, Joseph Caronie, Ann Brown, Jack Wehr, Michael Gerfen, Dawn Fister, Glenn T. Spotts, Richard Whiteash, Ann Purcell and June Murphy. (Doc. 128, Def.'s Seventh Motion in Limine at ¶ 4). Defendant indicates that plaintiff never disclosed these witnesses until this eighth set of disclosures, which came four months after the end of

7

discovery. (Id. ¶ 5). Further, these individuals are never mentioned in any documentation exchange between the parties prior to that date. (Id. ¶ 6). Thus, defendant did not have an opportunity to depose them or otherwise ascertain what relevant information they would testify to. (Id. ¶ 7). Defendant seeks preclusion of these witnesses and he argues that he will suffer "serious and irreparable" prejudice if they are allowed to testify.

Plaintiff indicates that these witnesses were all named as references for defendant's employment with the Pennsylvania State Police and were part of the Pennsylvania Investigation File. Plaintiff argues that these are "presumably people who know [defendant], and to the extent they have knowledge of what he may have told them about the June 2, 2015 incident, they may testify." (Doc. 140, Pl.'s Brief at 26).

We will grant the defendant's motion without prejudice. Plaintiff has presented no evidence that these witnesses have any relevant testimony to provide. If, however, plaintiff can provide a proffer at the pretrial conference as to concrete, specific, relevant evidence the witnesses can provide, the court may allow their testimony.

**8) Defendant's motion in limine to preclude testimony, evidence, and reference to alleged telephone calls made between Trooper Kleeman and plaintiff after the alleged assault**

8

Defendant's eighth motion in limine involves certain telephone records, which apparently reflect conversations or contact that she had with defendant after the alleged sexual assault.  Defendant moves to preclude these records from trial as irrelevant and unduly prejudicial.

Plaintiff argues that the phone calls are relevant as they tend to demonstrate defendant's romantic pursuit of her.   Additionally, they address defendant's credibility.  We agree with the plaintiff and will allow the introduction of the telephone records which may demonstrate telephone calls from the defendant to the plaintiff after the alleged assault.

**9) Defendant's motion in limine to preclude testimony regarding GPS coordinates and analysis**

The defendant's final motion in limine seeks to preclude testimony regarding GPS coordinates and analysis.  Plaintiff complained about the alleged sexual assault to the Pennsylvania State Police, and they conducted an investigation.  The investigation included an analysis of the GPS coordinates of Defendant Kleeman's patrol cruiser at the time and date in question.

Captain William Williams of the Pennsylvania State Police participated in the analysis of the GPS coordinates.  Plaintiff has identified him as an "expert witness" in the performance, analysis and/or evaluation

of the GPS system employed by the State Police. Defendant argues that Williams does not have the required education, training, experience or skills to opine as an expert on issues regarding GPS functionality, performance, analysis or evaluation. Thus, defendants seek to preclude Williams' testimony. After a careful review, we agree that Williams should not testify as an expert witness.

>Rule 702 of the Federal Rules of Evidence provides:

>>If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise.

FED. R. EVID. 702.

As the district court, we make the preliminary determination as to whether an expert witness is qualified and whether the testimony is admissible under Rule 702. Holbrook v. Lykes Bros. S.S. Co., Inc., 80 F.3d 777, 781 (3d Cir. 1995) (citing Daubert v. Merrell Dow Pharma., Inc., 509 U.S. 579 (1993). The Third Circuit has explained that "[u]nder Rule 702, (1) the proferred witness must be an expert; (2) the expert must testify about matters requiring scientific, technical or specialized knowledge; and (3) the expert's testimony must assist the trier of fact." Id.

We will address only the first two factors as we find them to be dispositive of the issue.

**A. Is the witness an expert?**

To qualify a witness to testify as an expert under Rule 702 that witness must have "specialized knowledge" in the area of his proposed testimony. That knowledge can come from practical experience, academic training and credentials. <u>Waldorf v. Shuta</u>, 142 F.3d 601, 625 (3d Cir. 1998). The Third Circuit Court of Appeals interprets the "specialized knowledge" requirement liberally, with respect to both the substantive and formal qualifications of experts. <u>Elcock v. Kmart Corp.</u>, 233 F.3d 734, 741 (3d Cir. 2000).

Here, Williams has no education training in information technology, mathematics, physics or engineering. (Doc. 141, Williams' Dep. at 18). Moreover, he has no training or education regarding the design, development or manufacturing of the GPS systems used by the Pennsylvania State Police. (<u>Id.</u> at 23). Neither does he have training, education or background in the design, development or analysis of navigation systems. (<u>Id.</u>) He has written no scholarly articles on such topics. (<u>Id.</u> at 32). He has no affiliations with professional organizations

11

dealing with GPS systems. (Id. at 34). Prior to this case, he has never served or been asked to serve as an expert in the field. (Id.) Accordingly, we find that Williams does not have the specialized knowledge required of an expert witness.

**B. Does the matter require scientific, technical or specialized knowledge to be understood?**

The second factor is whether the subject matter that the proposed expert will testify to requires scientific, technical or specialized knowledge. Here, the proposed expert is to testify about GPS coordinates and analysis. Under the caselaw, this subject matter does not require scientific, technical or specialized knowledge. United States v. Thompson, 393 F. App'x 852, 858, 859 (3d Cir. 2010) (holding that the trial court properly allowed lay witness testimony concerning the operation of a GPS device, including authentication of the GPS's data); see also United States v. Espinal-Almeida, 699 F.3d 588, 612-13 (1st Cir. 2012) (explaining that issues surrounding GPS and its accuracy are not so scientific that an expert is necessary).

Accordingly, Williams will not be permitted to testify as an expert witness. Our ruling on this motion, however, does not preclude Williams from testifying as a lay witness on the GPS matters, i.e., that the GPS

coordinates indicate that the police cruiser was located in or near the cemetery in question at the relevant time.

**Conclusion**

For the reasons set forth above, the defendant's motions in limine will be denied in part and granted in part.  The motion to preclude testimony of defendant's family and friends and the motion to preclude testimony of undisclosed witnesses will be granted without prejudice to plaintiff providing a proffer at the pretrial conference regarding relevant testimony that these witnesses would provide.  Defendant's motion in limine to preclude Captain William Williams as an expert will be granted.  However, he may provide lay opinion testimony as to the GPS evidence.  The motion in limine to preclude evidence of telephone calls will be denied.  The motion to preclude introduction of, or reference to, any discipline received by defendant will be granted.  Finally, the motions relating to admission of the district attorney's opinion, the document from the International Criminal Tribunal of Rwanda, the document from Dartmouth College and the sexual coercion awareness and prevention manual will be granted as unopposed. An appropriate order follows.

**Date: February 19, 2016**          **s/ James M. Munley**
                                     **JUDGE JAMES M. MUNLEY**
                                     **United States District Court**