# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **FAITH KINTZEL,** | No. 3:13cv163 |
| Plaintiff | |
| | (Judge Munley) |
| v. | |
| **STEPHEN KLEEMAN,** Pennsylvania State Police Trooper, | |
| Defendant | |

## ORDER

**AND NOW**, to wit, this 19th day of February 2016, the defendant's motions in limine are ruled upon as follows:

1) Defendant's motion in limine to preclude irrelevant testimony of Trooper Kleeman's family and friends (Doc. 114) is **GRANTED** without prejudice.  Plaintiff has failed to provide a proffer to the court to establish the relevance of the testimony in question.  Plaintiff may, however, make such a proffer at the pretrial conference;

2) Defendant's motion in limine to preclude introduction of, or reference to the district attorney's opinion that a sexual encounter occurred (Doc. 116) is **GRANTED** as unopposed;

3) Defendant's motion in limine to preclude introduction of, or reference to, the document from the International Criminal Tribunal of Rwanda at the time of trial (Doc. 118) is **GRANTED** as unopposed.

4) Defendant's motion in limine to preclude introduction of, or reference to, any discipline received by Trooper Kleeman (Doc. 120) is **GRANTED**;

5) Defendant's motion in limine to preclude introduction of, or

reference to, the document from Dartmouth College titled "Sexual Abuse Awareness" (Doc. 122) is **GRANTED** as unopposed;

6) Defendant's motion in limine to preclude introduction of, or reference to, the sexual coercion awareness and prevention manual (Doc. 124) is **GRANTED** as unopposed;

7) Defendant's motion in limine to preclude testimony of undisclosed witnesses (Doc. 128) is **GRANTED.** Plaintiff has failed to provide a proffer to the court to establish the relevance of the testimony in question.  Plaintiff may, however, make such a proffer at the pretrial conference;

8) Defendant's motion in limine to preclude testimony, evidence, and reference to alleged telephone calls made between Trooper Kleeman and plaintiff after the alleged assault (Doc. 127) is **DENIED**;

9) Defendant's motion in limine to preclude testimony regarding GPS coordinates and analysis (Doc. 126) is **GRANTED**.  Captain Williams may, however, still testify as a lay witness as to the facts, i.e., that the GPS coordinates indicate that the police cruiser was located in or near the cemetery in question at the relevant time.

        **BY THE COURT:**

        **s/ James M. Munley**

        **JUDGE JAMES M. MUNLEY**
        **United States District Court**